Filed 3/21/23  P. v. Salazar CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>EDGAR RAFAEL SALAZAR,<br><br>　　　Defendant and Appellant. | B321773<br><br>(Los Angeles County<br>Super. Ct. No. TA036172) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge. Reversed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

# MEMORANDUM OPINION

As the parties agree and we concur in the relief requested in this appeal, we decide this matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.) In 1996, a jury convicted defendant and appellant Edgar Rafael Salazar of first degree murder and two counts of attempted murder, finding true the allegation that defendant personally used a firearm in the commission of the offenses. In aggregate, the court sentenced defendant to life imprisonment with the possibility of parole. In 1998, this court affirmed the judgment of conviction. (*People v. Salazar* (Mar. 3, 1998, B109627 [nonpub. opn.].)

In 2021, defendant filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] After appointing counsel to represent defendant and considering briefing submitted by the parties, the trial court denied the petition without issuing an order to show cause pursuant to section 1172.6, subdivision (c). The court found defendant had not made a prima facie showing that he was entitled to relief because the record of conviction (including the appellate opinion affirming defendant's conviction, on which the court relied)[2] showed the only theory upon which

---

[1] All unspecified statutory references are to the Penal Code. The defendant filed his resentencing petition under section 1170.95, which the Legislature renumbered as section 1172.6, with no change in the text of the statute (Stats. 2022, ch. 58, § 10, eff. June 30, 2022).

[2] Section 1172.6, subdivision (d)(3) states the court may "consider the procedural history of the case recited in any prior appellate opinion." While we express no opinion on the issue, we note that at least one court has held this statutory language means courts should not rely on the factual summaries contained

the jury could have found defendant guilty was that he was the actual shooter (as to the attempted murders) and the actual killer (as to the murder), and acted with express malice.

This was prejudicial error, because the record of conviction does not establish as a matter of law that defendant was ineligible for relief under section 1172.6. The prosecution's primary theory at trial as to all three counts was that defendant personally fired the gun shots at issue. If proven beyond a reasonable doubt, that would render defendant ineligible for relief under section 1172.6 on the murder charge as the actual killer, and on the attempted murder charges as the direct perpetrator with an intent to kill.

But that was not the only theory argued and upon which the jury was instructed. Section 1172.6 affords the possibility of relief to a defendant convicted of murder or attempted murder based on a natural and probable consequences theory. (§ 1172.6, subd. (a)(1).) As the Attorney General concedes, the jury instructions in defendant's trial included a natural and probable consequences instruction as to all counts, with the target offense being discharge of a firearm in a grossly negligent manner. In response to defendant's closing argument that someone else present with defendant was the shooter, the prosecution reiterated in rebuttal its contention that defendant was the actual shooter. But it also argued in the alternative that if the jury concluded someone else fired the shots, defendant was still guilty on all three counts under the natural and probable

---

in such opinions as the trial court did here. (*People v. Clements* (2022) 75 Cal.App.5th 276, 292.)

consequences doctrine because defendant supplied the gun to the shooter.

We therefore agree with the parties that the record does not demonstrate that defendant was ineligible for resentencing as a matter of law, and that defendant met his prima facia burden under section 1172.6 when seeking resentencing. The trial court was thus required to issue an order to show cause pursuant to section 1172.6, subdivision (c) and to hold an evidentiary hearing pursuant to subdivision (d) to determine if the prosecution has shown "beyond a reasonable doubt[ ] that [defendant] is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (d)(3).) That did not occur here, requiring reversal.

## DISPOSITION

The order denying the resentencing petition is reversed, and the matter is remanded. The trial court is directed to issue an order to show cause under subdivision (c) of section 1172.6. The trial court shall then hold an evidentiary hearing under section 1172.6, subdivision (d)(1) and (3), unless the parties waive the hearing and stipulate to defendant's eligibility for resentencing (§ 1172.6, subd. (d)(2)).

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.                    BENDIX, Acting P. J.

4